*485 OPINION.
Smith :
The sole question presented is whether the petitioner may be allowed a bad debt deduction for 1926 in the amount of $17,225.59. Section 234(a) (5) of the Revenue Act of 1926 provides:
In computing toe net income of a corporation subject to toe tax imposed by section 230 toere shall be allowed as deductions:
*******
*486 (5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion oí the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only In part, the Commissioner may allow such debt to be charged off in part.
In H. L. Gueydan, 4 B. T. A. 1250, we said, in referring to the Revenue Act of 1918:
* * * It will be noted from the foregoing that the statute prescribes two conditions before debts claimed to be worthless may be deducted from gross income in an individual tax return — first, that they must be ascertained to be worthless, and, secondly, that they must be charged off within the taxable year. * * *
The same holds true to the Revenue Act of 1926, except where the deduction for bad debts is based upon a reasonable addition to a reserve for bad debts, which is not the case here.
The pleadings in this case show that the respondent denies that the $17,225.59 claimed as a deduction for bad debts for 1926 was either ascertained to be worthless in 1926 or charged off within the year. All that the evidence shows is that certain trustees for the stockholders entered upon certain books of account kept by them the accounts receivable as shown by the petitioner’s books of account at February 28, 1927, and at some time prior to the date when the return of the petitioner was filed for 1926 charged off on the trustees’ books the $17,225.59 in question. This does not show an ascertainment of worthlessness in 1926, nor does it show a charge-off on the petitioner’s books as of that date. The disallowance of the deduction by the respondent is sustained.

Judgment will be entered for the respondent.